BRIGHT, Circuit Judge,
concurring.
I concur with the majority’s result. Because we are remanding this case for re-sentencing, I write separately to express my concerns that Willie Stokes’ original 168-month sentence may be excessive for his drug crime and criminal past.
This case concerns a 29-year-old man with a criminal history that began when he was 11. But notably, Stokes’ criminal convictions do not include violent offenses against persons. Rather, his criminal convictions include drug offenses, driving offenses, and a retail fraud offense. And although Stokes may have committed a crime of violence according to caselaw, which in this instance did not result in any injuries, that does not make him an inherently violent man. Stokes’ presentence report depicts a man with a substance abuse problem who dropped out of school in the ninth grade with a 0.40 GPA. Stokes is a drug abuser who needs treatment — not a lengthy confinement.
Stokes’ case illustrates the need for what United States Attorney General Eric H. Holder, Jr. calls a new approach to federal sentencing because, as it stands today, “our system is in too many respects broken.” Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://www.justice.gov/iso/opa/ ag/speeches/2013/ag-speech-130812.html. As Attorney General Holder explained, widespread incarceration is unsustainable because “[i]t imposes a significant economic burden — totaling $80 billion in 2010 alone — -and it comes with human and moral costs that are impossible to calculate.” Id. In those remarks, Attorney General Holder emphasized that “with an outsized, unnecessarily large prison population, we need to ensure that incarceration is used to punish, deter, and rehabilitate — not merely to warehouse and forget.” Id. He added: “By reserving the most severe *773 penalties for serious, high-level, or violent drug traffickers, we can better promote public safety, deterrence, and rehabilitation' — while making our expenditures smarter and more productive.” Id.
Stokes’ actions do not warrant such a severe penalty as a 14-year (168-month) sentence. The Guidelines may categorize Stokes as a career offender, but that does not make him a high-level or violent drug trafficker deserving of a lengthy incarceration that will do little to rehabilitate him. The government will spend an estimated $400,000 to incarcerate Stokes for 14 years.[3] Sentencing Stokes to a lengthy prison term does a disservice to taxpayers, the government, and to Stokes himself.
Thus, on remand, the district court should apply the factors set forth in 18 U.S.C. § 3553(a) while considering the Attorney General’s views and resentence Stokes accordingly.[4]

. Stokes' presentence report includes estimated costs from the Administrative Office of the United States Courts, dated April 10, 2012, depicting an expected annual cost of $28,893.40 to house an inmate at a Bureau of Prisons Facility.

. The 18 U.S.C. § 3553(a) factors include:
(1) the nature and circumstances of the offense and the histoiy and characteristics of the defendant;
(2) the need for the sentence imposed
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D)to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
(5) any pertinent policy statement—
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.